**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| _____ ) | |
| LUIS GABRIEL ARELLANO GUEVARA,    ) | |
|                                   ) | |
|                    Petitioner,    ) | |
|                                   ) | |
| v.                                ) | Civil Action |
|                                   ) | No. 26-cv-12559-PBS |
| ANTONE MONIZ, Superintendent,     ) | |
| Plymouth County Correctional      ) | |
| Facility, et al.,                 ) | |
|                                   ) | |
|                    Respondents.   ) | |
| _____ ) | |

**ORDER**

July 13, 2026

Saris, J.

Petitioner Luis Gabriel Arellano Guevara ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. The Court previously ordered the government to provide Petitioner with a bond hearing in immigration court that complies with the due process standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). At the hearing, the immigration judge denied Petitioner's request for release on bond. She found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on February 2026 misdemeanor charges of assault, disorderly conduct, and unlawful restraint arising from a domestic incident, which were subsequently nolle prossed, and a

1

police report describing the circumstances leading to Petitioner's arrest on those charges.

Petitioner now moves to enforce this Court's order, arguing that his bond hearing did not comport with Hernandez-Lara's holding that due process requires the government to prove dangerousness by clear and convincing evidence to justify a noncitizen's detention. See 10 F.4th at 41. The government first responds that Petitioner has failed to exhaust administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals ("BIA"). Yet as this Court has previously held, a noncitizen "need not exhaust an appeal to the BIA" before bringing a due process challenge of this sort "given the irreparable harm caused by [the] allegedly unlawful and ongoing detention." Cuzco Ganzhi v. Moniz, No. 26-cv-11478, 2026 WL 1194941, at *1 (D. Mass. May 1, 2026) (collecting cases).

The Court's authority in reviewing Petitioner's due process challenge "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see Miti v. Moniz, __ F. Supp. 3d __, __ (D. Mass. 2026) [2026 WL

884639, at *6], appeal filed, No. 26-1655 (1st Cir. June 1, 2026). The immigration judge in this case articulated the correct burden and standard of proof, so the question is whether the evidence cited by the immigration judge was sufficient to justify her decision to deny bond based on dangerousness. The Court concludes that it was not.

It is true that a criminal charge or arrest need not ripen into a conviction before an immigration judge may consider a police report's description of the underlying conduct when assessing a noncitizen's dangerousness. See Cuzco Ganzhi, 2026 WL 1194941, at *1; Miti, __ F. Supp. 3d at __ [2026 WL 884639, at *6]; cf. Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n reviewing requests for discretionary relief, immigration courts may consider police reports even when they rest largely on hearsay."). But the "clear and convincing standard is a demanding standard to satisfy," United States v. Anonymous Appellant, 85 F.4th 576, 580 (1st Cir. 2023), requiring proof that renders a conclusion "'highly probable' or 'reasonably certain,'" Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 306 n.5 (1st Cir. 2019) (citation omitted) (first quoting Colorado v. New Mexico, 467 U.S. 310, 316 (1984); and then quoting Evidence: Clear and Convincing Evidence, Black's Law Dictionary 674 (10th ed. 2014)).

Here, the allegations against Petitioner in the police report lack sufficient indicia of reliability to support a reasonable

conclusion that Petitioner is dangerous by clear and convincing evidence. The report reflects that the police responded to a domestic incident involving Petitioner and his wife and observed injuries on the wife's neck consistent with her claim that Petitioner had grabbed her by the throat. However, both Petitioner and his wife had physical injuries, each told the police that they had acted in self-defense after the other had started the physical altercation, and both parties were arrested. Moreover, although the police were told that Petitioner had created a hole in the wall by throwing his wife against it, they found no such hole when they examined the scene. This discrepancy casts some doubt on the credibility of the wife's account. See Miti, __ F. Supp. 3d at __ [2026 WL 884639, at *8] (finding evidence in police reports to be insufficient to support a determination of dangerousness by clear and convincing evidence in part based on "an objective lack of corroboration"). Finally, Petitioner's wife submitted a letter to the immigration court requesting his release and explaining that this incident was aberrational and that they intend to seek professional help with their relationship. Given the conflicting statements by Petitioner and his wife to the police, the absence of any other evidence corroborating Petitioner's wife's account, and the discrepancy in the allegations against Petitioner, the evidence before the immigration judge could not reasonably support a highly probable or reasonably certain determination that

4

Petitioner poses a danger to the community. And the immigration judge did not find Petitioner to be a flight risk.

Accordingly, Petitioner's motion to enforce (Dkt. 14) is **ALLOWED**. The Court **ORDERS** the government to release Petitioner immediately and no later than 12:00 p.m. on July 14, 2026. This order is without prejudice to the government requiring Petitioner to comply with reasonable conditions of supervision. The government shall file a status report within forty-eight hours of the date of this order confirming its compliance with this order.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge